SMOKEY, INC., a Delaware corporation, Defendant Below, Appellant,

v.

PANY INVESTMENT COMPANY, a corporation of the Commonwealth of Pennsylvania, assignee of William Weiner and Abraham Kristol, Plaintiff Below, Appellee.

Supreme Court of Delaware.

Sept. 23, 1971.

David Roeberg, of Sullivan, Potter & Roeberg, Wilmington, for appellant.

John T. Gallagher and George F. Gardner, III, of Morris, Nichols, Arsht & Tunnell, Wilmington, for appellee.

WOLCOTT, Chief Justice, CAREY, Justice, and CHRISTIE, Judge, sitting.

611

WOLCOTT, Chief Justice.

This is an appeal from the grant of a preliminary injunction enjoining Smokey, Inc. (appellant) from interfering with Pany Investment Company's (appellee) collection of rents from the tenants of Building "B", one of eight apartment buildings comprising an apartment house complex owned by Towne Point Apartments, Inc.

Pany is the holder of a second mortgage on the apartment complex. The mortgagor, Towne Point Apartments, was in default on its second mortgage payments since the mortgage was given. On September 1, 1970 the mortgagor consented to Pany's entry into possession of the apartment complex and assigned the leases then in effect to Pany. The second mortgage, owned by Pany, contained an assignment-of-rents clause in the following language:

> "In the event the Mortgagor defaults in the payment to the Mortgagees of the said monthly payments for a period of thirty (30) days from the due date, the Mortgagor hereby assigns to the Mortgagees the rents, issues and profits from the above premises, and grants the Mortgagee the right to enter upon the above premises, for the purpose of collecting the same and to let the premises or any part thereof and to apply the rents, issues and profits after payment of all necessary charges, first to interest and balance to principal on account of said indebtedness. * * *."

On June 8, 1970 Wilmington Plumbing Supply Co. secured a Mechanic's Lien Judgment against Building "B" of the complex. On August 17, 1970 execution process was issued on this judgment. On September 16, 1970 a sheriff's sale was had of Building "B" which was bought in by Smokey's agent for the sheriff's costs. The purchase was made subject to first, second and third mortgages covering the premises.

On September 9, 1970 Pany instituted mortgage foreclosure proceedings on its second mortgage. Smokey intervened in the mortgage foreclosure proceedings but foreclosure was ordered, whereupon Smokey appealed to this court. We affirmed the order of foreclosure, Smokey, Inc. v. Pany, 276 A.2d 741 (1971). Following affirmance by this court, a foreclosure sale was held and a writ of possession issued to Pany who bid the entire complex in at the sale. In the mortgage foreclosure action Pany filed an interim accounting of the rents and profits, and has since filed a final accounting.

On October 20, 1970 Smokey sent letters to the tenants of Building "B" demanding rent accruing after November 1, 1970. Pany then instituted this action requesting injunctive relief to prevent Smokey from interfering with its collection of rents from the tenants of Building "B".

The Vice Chancellor first held that Pany was not a mortgagee in possession and that Smokey was entitled to the rents as the legal owner until such time as its interest was defeated by foreclosure, or by the appointment of a receiver to impound the rents. On reargument, however, the Vice Chancellor held that the rent-assignment clause of Pany's mortgage, the filing of this action and the securing of a restraining order, amounted to an official impounding of the rents, and that Smokey accordingly had no right to receive them.

Smokey argues earnestly that Pany had no right to the receipt of the rents because it failed, in conjunction with the foreclosure action, to apply for the appointment of a receiver to impound the rents. It argues that 10 Del.C. § 4978(a), providing that a purchaser of land at a sheriff's sale is entitled to the rents from the day of sale, governs the matter. Stayton v. Morris, 4 Har. 224 (1845).

This, however, we think is to put form before substance. In the case before us Pany was either a mortgagee in possession which, as such, had the right to collect the rents, or it had, upon the default of the mortgagor, taken the necessary legal steps to be put in the position of having the right to collect the rents and subject them to the payment of the mortgage obligation.

It is certainly true that after September 9, 1970, the date of the commencement of the foreclosure action, Pany had the right to insist upon the impoundment of the rents to discharge the mortgage obligation. First Wisconsin Trust Co. v. Adams, 218 Wis. 406, 261 N.W. 16 (1935). This being so, it seems to us to make little difference whether Pany proceeded by injunction or by petition for a receiver to prevent interference with the rent collection. The result is the same. To be sure, Smokey argues that the only remedy of Pany was by petition for a receiver, but we think there is a decided difference of opinion as to this. See Osborne on Mortgages, §§ 146, 149 and 150 (1951).

In any event, we think the entry into possession of Pany with the consent of Towne Point, the actual collection of the rents, the commencement of foreclosure proceedings, and the filing of suit for injunction, carry all the safeguards required for the protection of the owner of the fee, and must be accepted as such.

The judgment below is affirmed.